Supreme Court, New York Special Term. Reported. N. Y. L. J., June 30, 1903.

PEOPLE &C. *v.* MARKOWITZ.

GIEGERICH, J. The defendant is not charged with a violation of the Liquor Tax Law, but of section 290 of the Penal Code. The penalties and disadvantages following a conviction for the former, therefore, would not fall upon him in this case. (Liquor Tax Law, Laws of 1896, Secs. 34, 36.) While it is true that the defendant might have been proceeded against under the provisions of the Liquor Tax Law, it is equally true that such provisions are not exclusive; but the two acts can stand together. As was said by the court in *People &c.* v. *Koenig* (9 App. Div. pp. 436, 439) : " It might further be suggested that the actions in question have not the same object. The provisions of the Penal Code upon this subject have in view the protection of children, while those of the Liquor Tax Law relate entirely to the regulation of the liquor traffic." Applying these observations to the case at bar, it is evident that there are not any exceptional features which render it desirable and proper that the trial should be had before a jury rather than by the justice of the Court of Special Sessions.

Motion denied.

Supreme Court, New York Special Term. Reported. N. Y. L. J., November 13, 1903.

In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, for an Order Revoking and Canceling Liquor Tax Certificate No. 15,047, Issued to FREDERICK LOH-BAUER.

*Herbert H. Kellogg,* for petitioner.

*James J. Walsh,* for respondent.

CLARK, J. The evidence fully sustains a violation of the statute on two Sundays, and if the defendant had proved that the establishment was a " hotel " the result would be the same. Therefore defendant's motion to refer back is denied. The license must be revoked, with costs. Settle order on notice.